E-FILED
Wednesday, 04 February, 2015 11:36:26 AM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KENNETH WILLIAMS,<br>    Plaintiff,<br><br>v.<br><br>JOHN COUVE, et al,<br>    Defendants. | Case No. 1:14-cv-01063-MMM-JEH |

### Order

Now before the Court is the Plaintiff's, Kenneth Williams, Motion to Amend and File Second Amended Complaint (Doc. 27). The Defendants filed a Joint Response to Plaintiff's Motion to Amend and File Second Amended Complaint (Doc. 30) and for the reasons set forth below, the Motion is DENIED.

### I

On February 21, 2014, the Defendants removed this case to federal court. The Plaintiff's Complaint included one count for false arrest and one count for malicious prosecution stemming from an alleged incident on March 21, 2012. On April 24, 2014, the Court held a Rule 16 Scheduling Conference at which time the Plaintiff made an oral motion to amend his Complaint. The oral motion was granted, and the deadline to amend the pleadings was set for June 30, 2014. The Plaintiff filed his first Amended Complaint within the time allowed, on April 28, 2014, to substitute the City of Peoria for the Peoria Police Department as a named Defendant. On December 24, 2014, the Court extended the dispositive motion deadline to January 15, 2015. On January 13, 2015, the Plaintiff filed his Motion to Amend.

1

In his Motion to Amend, the Plaintiff seeks leave to file a second amended complaint to include an additional count alleging violation of his Fourth Amendment Rights. The Plaintiff argues that the new allegations relate back to the original pleading and arise out of the alleged misconduct committed by the Defendants, and so the Defendants would not be highly prejudiced by allowing him to file his second amended complaint. He says that his request to amend is timely as the statute of limitations and deadline for filing dispositive motions has not yet expired (as of the date he filed his Motion to Amend – January 13, 2015). He therefore argues alternatively that if his request to amend is untimely and the statute of limitations has expired, that he seeks leave to amend pursuant to Federal Rule of Civil Procedure 15(c)(1)(B) because the amendment to the Complaint relates back to the original cause of action alleged in his initial Complaint. The Defendants counter that the Plaintiff's instant Motion to Amend comes seven months after the June 30th deadline for the amendment of pleadings and only two days before the Defendants were prepared to file a motion for summary judgment. They argue that the Plaintiff's Motion to Amend is governed by Federal Rule of Civil Procedure 16(b), and not by Rule 15.

## II

The Defendants correctly argue that the question of whether to allow the Plaintiff to amend his Complaint at this late stage – after the deadline for amendment of pleadings has expired – must be evaluated under FRCP 16(b). See *Trustmark Insurance Co v General & Cologne Life Re of America*, 424 F3d 542, 553 (7th Cir 2005) ("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause'"); FRCP 16(b)(4) ("A schedule may be modified only for *good cause* and with the judge's consent") (emphasis added); *Mintel International Group, Ltd v Neergheen*, 636 F Supp 2d 677, 689 (ND Ill 2009) (applying the Rule 16(b)

2

standard where the parties' deadline to amend the pleadings passed nearly two months before the plaintiff filed a motion for leave to amend its complaint to add an additional count); *Winfrey v Walsh*, 2008 WL 1766600, *3 (CD Ill) (applying the Rule 16(b) standard where the parties' deadline to amend the pleadings passed less than one month before the plaintiff filed her motion for leave to amend to plead a medical malpractice case); and *Phillips 66 Pipeline LLC v Rogers Cartage Company*, 2013 WL 441089, *2 (SD Ill) (applying the Rule 16(b) standard where the parties' deadline to amend the pleadings passed approximately eight months before the plaintiff sought leave to amend to add a contribution claim). At this stage of the litigation, the Plaintiff must show "good cause." *Trustmark Insurance Co*, 424 F3d at 553. Good cause requires a showing of diligence by the party seeking the amendment. Id.

Here, the Plaintiff does not explain his delay in bringing his Motion to Amend, a delay that is clearly substantial in light of the various deadlines in this case. The Plaintiff waited until two days before the dispositive motion deadline, nearly seven months after the deadline to amend the pleadings passed, nearly nine months after he sought to amend his Complaint for the first time, and nearly two months after fact discovery closed. While it is unnecessary to definitively answer the question of whether the statute of limitations has expired on the Plaintiff's proposed Fourth Amendment claim in applying the Rule 16(b) standard, it is important to note that based upon the Plaintiff's own assertions his Fourth Amendment claim accrued nearly two years ago. Yet the Plaintiff waited until January 13, 2015 to request leave to amend his Complaint to include that Fourth Amendment claim. He also did not previously seek an extension of the deadline to amend the pleadings. The Plaintiff has not established his diligence in seeking to amend his Complaint, he has therefore not shown good cause, and his Motion to Amend is accordingly denied.

3

## III

For the reasons set forth above, the Plaintiff's Motion to Amend and File Second Amended Complaint ([Doc. 27](#)) is DENIED. The dispositive motion deadline is accordingly extended to March 6, 2015.

Entered on February 4, 2015.

s/Jonathan E. Hawley<br>
U.S. MAGISTRATE JUDGE